UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MOUNTAIN STATES PIPE & SUPPLY COMPANY           CIVIL ACTION

VERSUS                                          NO. 12-2146

THE CITY OF NEW ROADS LOUISIANA, ET AL          SECTION  "N"  (4)

### ORDER AND REASONS

Presently before the Court are two motions (R. Docs. 91 and 92) seeking summary judgment relief relative to the counterclaim and third-party claim filed by the City of New Roads (the "City"). The Court rules on the motions as stated herein.

**I. Summary Judgment Standard**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the

nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving

2

party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II. Application of Legal Principles

### A. Motion for Summary Judgment by Mountain States and Platte River (R. Doc. 91)

Having carefully reviewed the parties' submissions, the Court finds that the motion filed by Mountain States Pipe & Supply Company ("Mountain States") and Platte River Insurance Company ("Platte River") should be denied without prejudice. On the showing made, the Court does not find the expert disclosures made by the City, on November 27, 2013, insufficient to satisfy the requirements of Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure. Indeed, in opposing the City's own summary judgment motion, Mountain States points to an email sent to it (and others) referencing an opinion by one of the individuals listed by the City – Nohad Mohieddiine – in its November 27th disclosure. *See* R. Doc. 101, p. 7, and R. Doc. 101-8, p.1 (sealed). The other person identified by the City is among the recipients of that email. See R. Doc. 101-8, p.1 (sealed). Further, a Rule 30(b)(6) deposition of Aclara Technologies, LLC (the employer of the two individuals listed

by the City) is scheduled to occur on May 14, 2014, after the Court's discovery deadline, by agreement of the parties.[1]

Given the foregoing, **IT IS ORDERED** that Mountain States' motion is **DENIED WITHOUT PREJUDICE**. In so ruling, the Court cautions Mountain States that any additional motion for summary judgment relative to this issue must be accompanied by a motion for leave to file and should be submitted only if pertinent Aclara personnel provide deposition testimony that is consistent with the favorable opinions offered by Mountain States' retained expert. In other words, if the deposition simply reveals that competing expert assessments exist, such that the matter is one appropriately determined by the trier of fact at trial, Mountain States should not again seek summary judgment resolution of the issue by the Court.

### B. Motion for Partial Summary Judgment by the City of New Roads (R. Doc. 92)

Having carefully reviewed the parties' submissions, the Court likewise finds the motion for partial summary judgment filed by the City (R. Doc. 92) should be denied. Specifically, the Court finds a genuine dispute of material fact to exist relative to the question of whether Mountain States was required, by contract, to provide factory potted meters for the City's Advanced Metering Infrastructure ("AMI") system, rather than meters potted in-house by Mountain States.

Certain evidence undoubtedly supports the City's position regarding this issue. In particular, the "Purchase Order Agreement" (hereinafter "Purchase Order") issued by the City, on or around December 21, 2009, expressly calls for factory potted meters.[2] Further, a January 30,

---

[1] *See* R. Doc. 126, pp. 1-2; R. Doc. 126-1, pp. 1-14; R. Doc. 126-2, pp. 1-6.

[2] *See* R. Doc. 92-3, pp. 1 and 12 of 14.

2010 email, at 1:33 p.m., from Al Work of Triton Water Technologies, Inc. (acting as agent for the City) to Paul Carroll of Mountain States advised: "We've further discussed this and have determined that we need the true factory potting as specified in the Purchase Order."[3]

On the other hand, the Purchase Order was never signed by a representative of Mountain States,[4] and the City's "Request for Proposal," on which Mountain States relied in submitting its bid, did not specify that the meters had to be factory potted.[5] According to Mr. Carroll's affidavit, Mountain States never executed the City's "Purchase Order Agreement" because of "ongoing negotiations" regarding potting, the quantity and type of meters to be used, and the scope of the work to be done.[6] Nor was Mr. Work's above-referenced January 30th email the last communication on the subject. Rather, Mr. Carroll responded with a personal entreaty that Mountain States' in-house meters be accepted in lieu of factory potted meters.[7] Thereafter, Mr. Carroll contends, several telephone conversations followed, during the course of which in-house potting was approved for the City's project.[8]

Finally, according to Mr. Carroll, the City and Triton were fully aware that the meters ultimately delivered, and then installed by Triton, on behalf of the City, were potted in-house by

---

[3] *See* R. Doc. 92-6, p. 1 of 3.

[4] *See* R. Doc. 92-3, p. 11 of 14; 101-6, p. 2 of 18, ¶7.

[5] *See* R. Doc. 101-6, p. 1 of 18; ¶¶ 4-6; R. Doc. 101-6, pp. 3-12 of 18.

[6] *See* R. Doc. 101-6, p. 2 of 18; ¶ 7.

[7] *See* R. Doc. 101-6, p. 14 of 18.

[8] *See* R. Doc. 101-6, p. 2 of 18; ¶ 8.

Mountain States rather than at the factory.[9] The City's protests to the contrary, regarding its awareness, serve only to reveal the existence of a triable issue of disputed fact.[10] Accordingly, **IT IS ORDERED** that the City's motion for summary judgment is **DENIED**.

New Orleans, Louisiana, this 6th day of May 2014.

 _____
 **KURT D. ENGELHARDT**
 **United States District Judge**

---

[9] *See* R. Doc. 101-6, p. 2 of 18; ¶¶ 9 and 11.

[10] *See* City's Reply Memorandum, R. Doc. 123.